UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cr-136-WTL-KPF-2 |
| ) | |
| ABEL FLORES-LOPEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ENTRY ON FLORES-LOPEZ'S POST-TRIAL MOTIONS**

Before the Court are two post-trial motions filed by Defendant Abel Flores-Lopez: a Motion for Directed Verdict (Docket No. 122) and a Motion for New Trial (Docket No. 123). The motions are fully briefed, and the Court being duly advised, **DENIES** both motions for the reasons set forth below.

**I. BACKGROUND**

On August 11, 2009, members of the Indianapolis Metropolitan Drug Task Force used a confidential source to purchase one pound of crystal methamphetamine from Defendant Alberto Santana-Cabrera for $17,000. Prior to the buy, the confidential source was searched for contraband and money and fitted with a recording and transmitting device. During the course of the August 11 buy, Santana-Cabrera insisted that the confidential source show him the cash before he would provide the methamphetamine. After the confidential source took Santana-Cabrera to a parking lot where an undercover DEA agent "flashed" the money, the parties headed back towards Santana-Cabrera's house. En route, Santana-Cabrera engaged in a cell phone conversation with Defendant Abel Flores-Lopez. Because Santana-Cabrera's cell phone

was in speaker mode, the confidential source was able to hear the entire conversation. In addition, the confidential source's recording and transmitting device captured the entire cell phone conversation. In this conversation Santana-Cabrera states that he saw the money. He then asks if Flores-Lopez is in a red truck. Flores-Lopez responds that he is actually in a white truck.

      Shortly before reaching Santana-Cabrera's house, a white Dodge Ram pickup truck driven by Flores-Lopez pulled up behind the confidential source's vehicle. Santana-Cabrera exited the confidential source's vehicle, entered the pickup truck, and rode back to his house at 912 Division Street. At the house, Santana-Cabrera emerged from the pickup truck holding a clear plastic bag containing crystal methamphetamine. The confidential source then left, purportedly to retrieve the money, and law enforcement officers arrested Santana-Cabrera and Flores-Lopez.

      After Flores-Lopez was taken into custody, officers proceeded to his home in Fishers, Indiana. They received consent to search the premises from Flores-Lopez's wife. In the house they found a safe containing among other things, approximately $53,000.

      At the parties' trial, Detective Jesus Soria of the Indianapolis Metropolitan Police Department testified that he listed to phone calls that Flores-Lopez made from the Marion County Jail while he was in custody awaiting trial. Prior to making an outgoing call, a recording warns the inmate that the call is being monitored and recorded. According to Detective Soria, the Marion County Jail will provide copies of the recorded telephone calls to individuals who request them via subpoena. On cross-examination, Detective Soria conceded that it was possible that some of the jail calls could contain exculpatory information.

      Also during trial, DEA Special Agent Matt Holbrook testified that the buy money used in

previous drug transactions with Defendant Santana-Cabrera was photocopied prior to its use. Special Agent Holbrook also testified that the $53,000 seized from Flores-Lopez's safe was taken to a bank, converted to a check, and returned to circulation before it could be compared to the photocopies of the buy money previously used to purchase methamphetamine from Santana-Cabrera.

## II.  DISCUSSION

Flores-Lopez now argues that the testimony of Detective Soria and Special Agent Holbrook indicates that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1969). Thus, Flores-Lopez claims FED. R. CRIM. P. 33 entitles him to a new trial. In addition, Flores-Lopez also filed a motion for a directed verdict on Count 7 of the Superseding Indictment because the Government allegedly failed to provide evidence that Flores-Lopez "ever possessed methamphetamine." Docket No. 122 at 1-2.

The Court begins with Flores-Lopez's motion for directed verdict under FED. R. CRIM. P. 29(c), because if this motion is granted, then Flores-Lopez's other motion becomes moot. Flores-Lopez's challenge of the sufficiency of the evidence forces him to bear "a heavy, indeed nearly insurmountable, burden." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010). "A defendant challenging the sufficiency of the evidence 'must convince us that even after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt.'" *Id*. (quoting *United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009)); *see also United States v. Hach*, 162 F.3d 937, 942 (7th Cir. 1998) ("If, after viewing the evidence in the light most favorable to the prosecution, we believe that a rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt, we will affirm."). The Court will not "weigh evidence or assess credibility issues – those tasks fall within the jury's province." *Hach*, 162 F.3d at 942. Thus, "[o]nly if the record is devoid of evidence from which a jury could find guilt will we reverse." *Id.*

In the instant case, having reviewed the record, and having viewed the evidence in the light most favorable to the Government, the Court believes that a rational juror could certainly have found that the essential elements of the crime of possession with intent to distribute 50 grams or more of methamphetamine were established beyond a reasonable doubt. Accordingly, Flores-Lopez's motion for a directed verdict on Count 7 is **DENIED**.

As to his motion for a new trial, "[u]nder Rule 33 of the Federal Rules of Criminal Procedure, a district court 'may vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005). Courts "'approach such motions with great caution and are wary of second-guessing the determinations of both judge and jury.'" *Id*. (quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)). In the instant case, Flores-Lopez argues that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing exculpatory evidence; therefore, justice requires that he receive a new trial. In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. "To establish a *Brady* violation, [the Defendant] must show '(1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial.'" *United States v. Daniel*, 576 F.3d 772, 774 (7th Cir. 2009) (quoting *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir.

2001)). "Suppressed evidence is material if 'there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.'" *Id*. (quoting *United States v. Banks*, 546 F.3d 507, 510 (7th Cir. 2008)).

Flores-Lopez runs into trouble with the first prong of the analysis as he is unable to show that the Government did, in fact, suppress evidence. With respect to the jail calls, Flores-Lopez knew what was said in the calls because he was a participant in them. In addition, Flores-Lopez knew that the calls were being recorded. Finally, Flores-Lopez's counsel, an experienced attorney, knew that he had access to these recorded calls. All he needed was a subpoena. With respect to the photocopies of the buy money, the Government provided Flores-Lopez with access to this information. In short, there is nothing in the record, nor does Flores-Lopez point to anything concrete, to suggest that the Government suppressed evidence.

However, even assuming that Flores-Lopez satisfied the first prong of the analysis, because he is unable to satisfy the second and third prongs, the Court would still be unable to find a *Brady* violation on these facts. Accordingly, Flores-Lopez's motion for a new trial is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Directed Verdict (Docket No. 122) and Motion for New Trial (Docket No. 123) are **DENIED**.

SO ORDERED: 05/27/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Michelle Patricia Jennings
United States Attorney's Office
michelle.jennings@usdoj.gov

Josh J. Minkler
United States Attorney's Office
josh.minkler@usdoj.gov

Rafael  Ramirez
Ramirez Law Office
ramirezlaw@aol.com

U.S. Marshals Service

U.S. Probation Office